**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

SIGMA-ALDRICH CO. LLC,

    Plaintiff,

        v.

QUANTABIO LLC;
QIAGEN BEVERLY LLC;
QIAGEN GMBH; and
DOES 1- 10,

    Defendants

Case No. _____

**JURY TRIAL  DEMANDED**

**COMPLAINT**

    Plaintiff Sigma-Aldrich Co. LLC ("Sigma") brings this Complaint against Defendants QuantaBio LLC ("Quanta" or "QuantaBio"); Qiagen Beverly LLC; and QIAGEN GmBH (the Defendants are sometimes referred to collectively as "QIAGEN") and alleges as follows:

**INTRODUCTION**

1.    This suit is occasioned by the breach of a ██████████ agreement ███████████
████████████████████████████████████████████
██████████████████████████████

2.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████

3.    ████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████ This

Complaint

Complaint alleges breach of contract and, as remedies, seeks an award of damages; specific performance; and such additional relief, including costs and attorneys' fees, as may be appropriate.

## THE PARTIES

4.      Plaintiff Sigma-Aldrich Co. LLC is a Delaware limited liability company having an office at 3050 Spruce Street, St. Louis, Missouri 63103.

5.      Defendants are, respectively, QuantaBio LLC, a Massachusetts corporation having an office at 100 Cummings Center, Suite 407J or 4007J, Beverly, MA 01915-6115; Qiagen Beverly LLC, a Maryland corporation having a principal place of business at 100 Cummings Center, Suite 407J or 4007J, Beverly, MA 01915; and QIAGEN GmbH, a German corporation having a principal place of business at QIAGEN Strasse 1 40724, Hilden, Germany.

6.      On information and belief, Quanta Biosciences, Inc. is a subsidiary corporation in a family of corporations of which QIAGEN N.V. is the ultimate parent; is the named signatory on the ▮▮▮ agreement that is the subject of this suit; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ On information and belief, Quanta Biosciences Inc. became QuantaBio LLC in 2016.  On information and belief, Qiagen Beverly Inc. merged with Quanta Biosciences, n/k/a QuantaBio, in December 2016, and was converted to Qiagen Beverly LLC in December 2017; ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

7.      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ QIAGEN GmbH has admitted that it "controls the QIAGEN.com website, which offers products for sale worldwide." *Illumina, Inc., et al v. QIAGEN N.V., et al.*, C.N. 16-cv-02788-WHA (N.D. Cal.), QIAGEN GMBH'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, paragraph 2. ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8.      On information and belief, DOES 1-10 have been engaged in the wrongful acts alleged in this Complaint, and their identities and specific actions will become known through discovery in this cause and otherwise.

## JURISDICTION AND VENUE

9.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states and/or between citizens of different states in which subjects of foreign states are additional parties.

10.      The Defendants are subject to personal jurisdiction in Missouri as a result of their wrongful acts, identified below, ██████████████████████████████████████████████ ████████████████████████████████████████████████████, and negotiation of, performance under, and communications concerning, the ██████ agreement have occurred in Missouri and this judicial district.

11.      Alternatively, this Court has general and/or specific personal jurisdiction over all Defendants, as they have engaged in concerted action designed to breach contractual rights of Sigma; a substantial act or substantial effect in further of the concerted action occurred in this District; the Defendants knew or had reason to know of the acts in this District or that acts outside this District would have an effect in this District; and the acts in, and effects on, this District were a direct and foreseeable result of the conduct in furtherance of the concerted action.

12.      Alternatively, this Court has general and/or specific personal jurisdiction over all Defendants because they are alter egos of one another; have conducted and continue to conduct substantial business in this District; and/or have harmed and continue to harm Sigma in this District by virtue of their wrongful acts as alleged herein.  On information and belief, Defendants have purposely availed themselves of the benefits of Missouri's laws and the privilege of conducting business in Missouri ██████████████████████████████████████████████ ███████████████████████████████████

13.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events or omissions giving rise to these claims occurred in this District.  In the alternative, venue is proper because there is no district in which an action may otherwise be brought, and at least one Defendant is subject to personal jurisdiction in this District.

## **FACTUAL ALLEGATIONS**



14.

15.

16.

17.









28.

29.

30.

31.





37.    Each and every one of the breaches described above is material, and has caused injury and damage to Sigma.

**COUNT ONE**

**BREACH OF CONTRACT**

38.    The allegations of Paragraphs 1 through 37, inclusive, are incorporated by reference.

39.    By virtue of the foregoing actions and inactions, Defendants have breached the Agreement in material respects.

40.    Sigma has performed its obligations under the Agreement fully and faithfully.

41.    Such actions and inactions have caused significant harm to Sigma, in an amount of compensatory damages to be proven at trial and greatly exceeding $75,000, exclusive of interest, reimbursement of ██████ and costs.

## COUNT TWO

## SPECIFIC PERFORMANCE

42.     The allegations of Paragraphs 1 through 41, inclusive, are incorporated by reference.

43.     To the extent complete justice cannot be afforded Sigma as a matter of law, Sigma requests the Court to order that Quanta/Qiagen perform its obligations fully under the Agreement as a matter of equity.


## PRAYER FOR RELIEF

Sigma prays the Court to enter judgment in its favor and against Defendants, jointly and severally:

A.  Finding breach of contract under Count One, and awarding compensatory damages;

B.  In the alternative, under Count Two, should Sigma not completely have an adequate remedy under law, ordering the equitable remedy of specific performance to be imposed, and ordering Defendants to fulfill all pertinent obligations arising under the Agreement; and

C.  Awarding pre-judgment interest and such other relief, including costs and attorneys' fees, as may be just.

Respectfully Submitted,

Dated:    January 24, 2022            **BRYAN CAVE LEIGHTON PAISNER LLP**

By:    _____*/s/ J. Bennett Clark*_____
        J. Bennett Clark – 30907MO
        One Metropolitan Square
        211 North Broadway, Suite 3600
        St. Louis, MO 63102 USA
        T: (314) 259-2000
        F: (314) 259-2020
        Email: Ben.Clark@bclplaw.com

        ****************

        K.  Lee Marshall – 48653MO
        Ashley C. Bateman – 335198CA
        (pro hac vice to be requested)

        Three Embarcadero Center, 7th Floor
        San Francisco, CA 94111
        T: (415) 675-3400
        F: (415) 675-3434
        Email: klmarshall@bclplaw.com
           ashley.bateman@bclplaw.com

        Attorneys for Plaintiff